

# FILED

**NOT FOR PUBLICATION**

JUL 16 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENCOMPASS TELESERVICES, INC., an Oregon corporation,<br><br>       Plaintiff-counter-defendant,<br><br> v.<br><br>RANDALL LEE SCHEETS, AKA Randy Scheets,<br><br>       Defendant-counter-claimant -<br>Appellee,<br><br>SAVANT C.C.A., INC., an Arizona corporation, AKA Savant Call Center Associates, Inc.; et al.,<br><br>       Counter-defendants,<br><br>MICHAEL A. BOYLE, pro se,<br><br>       Counter-defendant -<br>Appellant. | No. 09-35612<br><br>D.C. No. 3:04-cv-00821-HU<br><br><br>MEMORANDUM[*] |
| ENCOMPASS TELESERVICES, INC., an Oregon corporation, | No. 09-35719<br><br>D.C. No. 3:04-cv-00821-HU |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-counter-defendant,

v.

RANDALL LEE SCHEETS, AKA Randy Scheets,

Defendant-counter-claimant - Appellee,

SAVANT C.C.A., INC., an Arizona corporation, AKA Savant Call Center Associates, Inc. and PATRICK BOYLE,

Counter-defendants,

MICHAEL A. BOYLE, pro se,

Counter-defendant - Appellant,

JOHN CARGAL,

Counter-defendant.

Appeal from the United States District Court
for the District of Oregon
Dennis James Hubel, Magistrate Judge, Presiding

Argued and Submitted July 12, 2010
Portland, Oregon

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

Michael A. Boyle (Boyle) appeals the trial court's order denying his motion for a new trial.

"To establish that the district court abused its discretion in denying [his] motion for a new trial based upon the newly discovered evidence, the appellant[] must show that [he] discovered the evidence after trial, that [he] could not have discovered the evidence sooner through the exercise of reasonable diligence, and that the new evidence is of such magnitude that it would likely have changed the outcome of the case." *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 998 (9th Cir. 2001) (citation omitted).

Boyle's newly discovered evidence consisted of Encompass Teleservices, Inc.'s financial records that, according to Boyle, revealed an erroneous accounting of a $500,000 loan Boyle made to Encompass. However, as the secretary for Encompass, Boyle maintained the financial records and had access to the documents he now asserts are newly discovered. Because Boyle previously had access to these documents, they cannot be fairly characterized as newly discovered, and the trial court acted within its discretion when it denied Boyle's motion. "Evidence is not newly discovered if it was in the party's possession at the time of [the] judgment or could have been discovered with reasonable diligence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994), *as amended*, (citation omitted).

Boyle's assertion that the trial judge erred in permitting Randall Scheets to amend his pretrial order lacks merit. The trial judge never entered a final pretrial order. Boyle cannot be prejudiced by an order that was never entered.

**AFFIRMED.**